JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIYAWNA WASHINGTON,<br><br>                 Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, et al.,<br><br>                 Defendants. | Case No. 5:24-cv-00070-FLA (SPx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

# **RULING**

On May 10, 2023, Plaintiff Riyawna Washington ("Plaintiff") initiated this action against Defendant Target Corporation ("Defendant") in the San Bernardino County Superior Court. Dkt. 1-1, Ex. A ("Compl."). The Complaint asserts three state-law claims based on the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 et seq. *Id.*

On June 14, 2023, Defendant removed the action to this court based on alleged diversity jurisdiction. Case No. 5:23-cv-01133-FLA (SPx) ("Case 23-1133"), Dkt. 1. In its Notice of Removal, Defendant alleged the court had subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeded $75,000. *Id.* at 4–7.[1] On August 10, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. *Id.*, Dkt. 13. Only Defendant filed a response. *Id.*, Dkt. 16. After reviewing the Notice of Removal and Defendant's response to the OSC, the court found Defendant failed to meet its burden to establish the court's subject matter jurisdiction by a preponderance of the evidence, and remanded the action to the San Bernardino County Superior Court. *Id.*, Dkt. 20.[2]

On January 12, 2024, Defendant once again removed the action to this court, alleging the court has subject matter jurisdiction under 28 U.S.C. § 1332. Case 5:24-cv-00070-FLA (SPx) ("Case 24-70"), Dkt. 1. Having reviewed and considered Defendant's second Notice of Removal, the court again finds Defendant fails to establish the amount in controversy exceeds the jurisdictional minimum and REMANDS the action to the San Bernardino County Superior Court.

///

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

[2] The court incorporates the December 21, 2023 Order remanding Case 23-1133, Dkt. 20, into this Order by reference.

2

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As the removing party, Defendant bears the burden to justify this court's exercise of jurisdiction over the action. *Id.* at 567.

Defendant contends the amount in controversy exceeds the jurisdictional minimum because Plaintiff stated in response to discovery that she seeks general damages in excess of $300,000. Case 24-70, Dkt. 1 at 5. A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.

3

2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

It is clear the $300,000 in general damages stated in Plaintiff's discovery response is simply a "bold optimistic prediction" and is not a reasonable estimate of Plaintiff's claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, Plaintiff's discovery response does not explain how Plaintiff determined this amount. *See* Case 24-70, Dkt. 1-4 at 8–9; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where Plaintiff's statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated"). It is telling that Defendant "does not concede that Plaintiff's damages are in this amount." Case 24-70, Dkt. 1 at 5 n. 3.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

**CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the San Bernardino County Superior Court, Case No. CIV SB 2310067. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 1, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge